PETER O'CONNOR *vs.* HOLLIS N. WYETH.

The defendant in a personal action, after offering to be defaulted with judgment for twenty dollars damages against him, paid to the plaintiff that sum in full settlement of the cause of action, and thereupon set up said settlement in defence to the further prosecution of the action. The plaintiff replied that the settlement was obtained by fraud. By suggestion of the court, it was agreed between the parties at the trial that the jury, if they should find the settlement fraudulent, should deduct twenty dollars from the amount to which they should find the plaintiff to be entitled; and they accordingly returned a verdict for the plaintiff with one dollar damages, having so deducted the twenty dollars. *Held*, that the plaintiff was entitled to full costs.

TORT to recover damages sustained by the bite of a dog.

The action was originally brought before a magistrate, where the defendant offered to be defaulted, and that judgment might be rendered against him for twenty dollars damages. The case came to the superior court by appeal. After the trial before the magistrate, a settlement had been attempted between the parties, and the defendant paid the plaintiff twenty dollars, in full satisfaction; and was allowed to file an additional answer, setting up this settlement in defence. The plaintiff replied that the settlement was void, because obtained from him by fraud, and while he was intoxicated; and the parties went to the jury upon this issue. By the suggestion of the court, the parties agreed that the jury, if they found the settlement fraudulent and void, might find the damages sustained by the plaintiff, double

[*] See also *Phelps* v. *Davis*, 6 Allen, 287.

them, (under the statute giving double damages,) and deduct twenty dollars therefrom, and return their verdict for the balance. The jury accordingly found for the plaintiff, assessed his damages at ten dollars and fifty cents, doubled that sum, deducted twenty dollars therefrom, and returned their verdict for the plaintiff with one dollar damages. The clerk taxed costs for the defendant, after the date of his offer to be defaulted. *Putnam*, J., affirmed this taxation; and the plaintiff appealed to this court.

*A. V. Lynde*, for the plaintiff.

*A. F. L. Norris*, for the defendant.

WELLS, J. The defendant did not prevail upon his answer setting up the settlement. The plaintiff recovered "a greater sum than the sum so offered" by the tender of judgment. The court will not allow the mere form of the verdict, adopted under its direction for the protection of the defendant, to disguise the real nature of the result, so as to work injustice to the plaintiff. The costs are to depend upon the amount recovered. This is to be determined by the substantial fact, and not merely by the formal verdict. The statute so provides in cases of set off. Gen. Sts. *c.* 156, §§ 5, 6. So also do the 20th and 21st rules of the superior court, in cases where money is paid into court and taken out by the plaintiff. This rule is in accordance with the manifest intent of the statute, and the rights of parties; and we think the same principle should be applied in all like cases.

It is urged that the application of the payment was made by agreement, and must therefore be taken as so much stricken from the plaintiff's claim. But, if the arrangement of the verdict is made to stand upon agreement solely, we think the defendant must also be held, as party to such agreement, to have waived his rights under his tender of judgment.

The decision of the superior court must therefore be reversed and the plaintiff have judgment for his costs.